IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Orji Ibe Otah, | ) |
| Petitioner, | ) Cr. Action No. 7:93-cr-00371-GRA |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| United States Of America, | ) |
| Respondent. | ) |

This matter is before the Court for Report and Recommendation on Orji Ibe Otah's ("Petitioner") Motion to Vacate Conviction. The Honorable G. Ross Anderson, Jr., Senior United States District Judge, provided Petitioner 20 days in which to object as to whether the motion should be treated as a petition under 28 U.S.C. § 2255. Petitioner, who is represented by counsel, did not file any objections. Accordingly, the motion will be treated as a § 2255 petition.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

On February 23, 2012, the Government moved to dismiss the petition. On April 10, 2012, Petitioner filed a Response opposing dismissal.

## BACKGROUND

On September 21, 1993, Petitioner was indicted by a federal grand jury in the District of South Carolina for conspiracy to import and distribute heroin. He was arrested and arraigned two days later, and the federal public defender was appointed as his counsel. On October 25, 1993, attorney Howard William Paschal entered his appearance as retained counsel for Petitioner. On April 4, 1994, represented by Mr. Paschal, Petitioner pled guilty

to an Information charging money laundering; the drug charges were dismissed. He was thereafter sentenced on May 26, 1994, to 46 months in prison. The District Court's Judgment was filed on May 31, 1994. Petitioner did not appeal his conviction or sentence, nor did he pursue any other post-conviction relief until he filed the motion at issue here (doc. 64) on September 12, 2011, more than 17 years later. When Petitioner did not object to the treatment of the Motion to Vacate Conviction as a § 2255 petition, the Clerk of Court filed Petitioner's motion as a § 2255 petition on October 7, 2011 (doc. 71) .

In his petition, Petitioner reveals that he is subject to deportation as a result of his conviction and contends that he would not have pled guilty had he known the immigration consequences. He alleges that his defense attorney Mr. Paschal was ineffective for failing to so advise him, as required by the case of *Padilla v. Kentucky*, — U.S. —,130 S.Ct. 1473 (2010). Despite the lengthy lapse of time since his conviction, he further contends that his petition here is not time-barred because the *Padilla* rule should apply to his case retroactively.

## **ANALYSIS**

The timeliness of the petition is governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of

due diligence.

28 U.S.C. § 2255(f).

Because Petitioner did not appeal, his conviction became final on June 14, 1994, ten days after judgment was entered on May 31, 1994, after the time for appealing had expired. *See United States v. Clay*, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought); Fed. R. App. P. 4(b) (then providing for ten-day period to file appeal); Fed. R. App. P. 26(a)(1) (then excluding weekends and holidays for time periods of ten days or fewer). Obviously, the one year limitations period in § 2255(f)(1) has long since expired.

The only other subsection that might apply to his case is § 2255(f)(3), which provides for a one year limitations period from the date the Supreme Court first recognized and made retroactive the right Petitioner now asserts: a criminal defendant's right to be informed as to whether his guilty plea carries a risk of deportation. That right, announced on March 31, 2010, in *Padilla v. Kentucky*, — U.S. —, 130 S.Ct. 1473 (2010), was not expressly held by the Supreme Court to apply retroactively to cases on collateral review. While lower courts have split on such application (*Compare U.S. v. Orocio*, 645 F.3d 630 (3rd Cir.2011) (*Padilla* is retroactive) *with Chaidez v. U.S.,* 655 F.3d 684 (7th Cir.2011) (*Padilla* is not retroactive); *see also U.S. v. Hernandez-Monreal*, No. 10-4777, 2010 WL 5027195, at *1 n.* (4th Cir.2010) ("[N]othing in the *Padilla* decision indicates that it is retroactively applicable to cases on collateral review."), the conflict is of no consequence in Petitioner's case, since he filed more than one year after *Padilla* was decided. Petitioner filed his Motion to Vacate under 28 U.S.C. § 2255 on September 12, 2011, which was 165 days after the one-year anniversary of the *Padilla* decision, and thus it is time-barred by § 2255(f).

3

While not raised by Petitioner, the statute of limitations in § 2255 may be equitably tolled, but only if Petitioner demonstrates that extraordinary circumstances beyond his control prevented him from filing on time. *See U.S. v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). The undersigned has carefully reviewed the record and sees nothing to justify equitable tolling. Accordingly, the petition should be denied as it is time-barred.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is respectfully recommended that Petitioner's Motion to Vacate Conviction/ § 2255 petition (docs. 64, 71) be denied and the case be dismissed.

Kevin F. McDonald
United States Magistrate Judge

April 25, 2012
Greenville, South Carolina